**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STACEY J. CLARK, | No. 24-6637 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 3:24-cv-05040-SKV Western District of Washington, Tacoma |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington

Submitted December 5, 2025[**]
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges and FITZWATER, District Judge.[***]

Stacey J. Clark ("Clark") appeals the denial of her application for supplemental

security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381

*et seq.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

1. "We review the district court's order affirming the ALJ's denial of social security benefits *de novo* and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (emphasis added) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)).

2. The district court concluded that Clark forfeited her objections to the Administrative Law Judge's ("ALJ's") evaluation of the medical opinion evidence. In her opening brief in this court, Clark fails to challenge the district court's forfeiture conclusion, so she has forfeited this argument. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issues not specifically argued in an opening brief are forfeited). And Clark's failure to exhaust this issue in the district court is a basis for rejecting her arguments related to that issue. *See Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022).

Even if we were to consider Clark's arguments, we would find them to be unpersuasive. Clark argues that clinical findings by her treatment providers fully undermine Cary Jasper's ("Jasper's") opinion, but "[w]e may not reweigh the evidence or substitute our judgment for that of the ALJ." *Ahearn* v. *Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). Moreover, Clark's arguments concerning Dr. Melinda C. Losee's opinion ask us to reweigh the medical evidence and resolve inconsistencies

in Clark's favor. But that is not the court's role. *Id.* ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.") (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Similarly, with respect to her treatment providers' observations, Clark offers no explanation for why those observations render the ALJ's disability finding erroneous given the other evidence supporting Clark's lack of severe limitations. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). And with regard to Clark's non-examining physicians' opinions, Clark only alleges that the ALJ erred in evaluating Dr. Christine Harmon's ("Dr. Harmon's") opinion. But the ALJ's finding that Clark can stand and walk for only four hours in an eight-hour workday is consistent with Dr. Harmon's finding that Clark must periodically alternate between sitting and standing. *Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2017) (affirming denial of benefits after finding "no obvious inconsistency" between two medical opinions and the ALJ's residual functional capacity ("RFC") determination). To Clark's benefit, the ALJ adopted a more severe version of Clark's limitations than did Dr. Harmon, who found that Clark can stand and walk for six of eight hours.

3. Moreover, the ALJ did not improperly discount Clark's subjective symptoms testimony. Where, as here, there is no evidence of the claimant's malingering and the ALJ determines that objective medical evidence establishes an impairment that could reasonably produce the symptoms of which the claimant complains, the ALJ must offer clear and convincing reasons for rejecting the claimant's testimony. *See Smartt*, 53 F.4th at 497. Here, the ALJ pointed to specific contradictions between Clark's testimony and the medical record. The ALJ also referenced the improvement in Clark's physical symptoms associated with her deep vein thrombosis. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Similarly, the ALJ explained how Clark's failure to seek further migraine treatment and mental-health therapy is inconsistent with her testimony about the severity of her symptoms.[1] These justifications are clear and convincing reasons for discounting portions of Clark's testimony. *See Smartt*, 53

---

[1] Even assuming *arguendo* that the ALJ's reliance on Clark's failure to seek therapy was erroneous, as Clark asserts, this error is harmless because substantial evidence supports the ALJ's determination that Clark's testimony about the severity of her mental health symptoms was contradicted by the medical record. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) ("The Court may not reverse an ALJ's decision on account of a harmless error.").

F.4th at 496-97 (concluding that the ALJ properly discounted the claimant's testimony based on inconsistencies with the medical record, the claimant's daily activities, and the claimant's conservative treatment). Other portions of Clark's testimony did not require additional restrictions in her RFC.

4. The ALJ also did not err in failing to evaluate the lay witness evidence. The ALJ need not discuss lay witness evidence if it "is similar to other testimony that the ALJ validly discounted or . . . is contradicted by more reliable medical evidence that the ALJ credited." *Molina v. Astrue*, 674 F.3d 1104, 1119 (9th Cir. 2012), *superseded on other grounds by regulation*, 20 C.F.R. § 404.1502(a); *see also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (similar). Because the lay witness evidence was similar to Clark's testimony, and the ALJ provided clear and convincing reasons to discount that testimony, the ALJ did not err in declining to discuss the lay witness evidence.

5. Finally, because the ALJ did not commit harmful error with respect to the medical opinion evidence, Clark's testimony, or the lay evidence, Clark has not shown that the ALJ's RFC assessment or hypothetical posed to the vocational expert was based on a flawed analysis. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1176 (9th Cir. 2008) (affirming denial of benefits for this reason); *Robbins v. Soc. Sec. Admin.*,

466 F.3d 880, 886 (9th Cir. 2006) ("[I]n hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence.").

**AFFIRMED**.